UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REPUBLIC STEEL, | ) | CASE NO: 5:24-CV-01942 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CMC IMPACT METALS, | ) | |
| | ) | **(Resolves Doc. 5)** |
| Defendant. | ) | |

Pending before the Court is Defendant CMC Impact Metals' ("CMC") motion to dismiss for lack of personal jurisdiction or in the alternative, motion to enforce forum selection clause. Doc. 5. Upon review, the motion is DENIED.

I. **Factual Background**

CMC, a corporation organized under Florida law with its principal place of business in Pennsylvania, is a corporation that provides testing and services for steel and other specialty products. Doc. 1, ¶¶2, 7. Plaintiff, Republic Steel, a corporation organized under Delaware law with its principal place of business in Canton, Ohio, produces special bar quality steel. Doc. 1, ¶¶1, 6.

According to the Complaint, beginning in March of 2023, the parties entered into a contract by way of purchase orders and invoices under which Plaintiff would ship specific quantities of steel to Defendant who would then treat the steel. Doc. 1, ¶8. In the summer of 2023, Plaintiff announced its wind-down of its Canton, Ohio operations. Doc. 1, ¶11. During this time, Plaintiff failed to pay Defendant's invoices for services provided. Doc.

1, ¶12. On April 24, 2024, Plaintiff paid Defendant the sum of $41,227.94 "in satisfaction of the amounts due and owing upon Defendant's invoices." Doc. 1, ¶13.

Upon payment, Plaintiff attempted to retrieve its inventory from Defendant. Doc. 1, ¶14. Defendant has "failed and refused to release and turn over the Inventory to Plaintiff." Doc. 1, ¶15. Accordingly, Plaintiff filed this suit for breach of contract, replevin, and conversion. Defendant moved to dismiss, asserting that the parties' forum selection clause requires this case to be brought in the Federal District Court for the Western District of Pennsylvania. Doc. 5.

## II. Personal Jurisdiction: Fed.R.Civ. P. 12(b)(2)

Although Defendant captions its motion as one to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), it does not make a single argument that this Court lacks personal jurisdiction over it. Instead, Defendant's brief focuses exclusively on its "alternative" argument that there was a valid forum selection clause in the parties' contract and therefore the matter should be heard by the District Court for the Western District of Pennsylvania. Doc. 5, p. 1. Even assuming a valid forum selection clause exists, it does not deprive the Court of personal jurisdiction when such personal jurisdiction exists independent of the contract. *Bracken v. DASCO Home Med. Equip., Inc.,* 954 F. Supp. 2d 686, 693 (S.D. Ohio 2013) (citations omitted); *see also Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (analyzing how to properly address a forum selection clause). Defendant makes no such argument. This Court declines to create an argument for Defendant that personal jurisdiction does not exist independent of the contract. Accordingly, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is DENIED.

### III.    The Forum Selection Clause

Defendant asserts that this case should be dismissed because it was filed "in contravention of a forum selection clause." Doc. 5, p. 3, citing *Brose North America, Inc., v. Stamped Products, Inc.*, 2006 U.S. Dist. LEXIS 84667(E.D. Mich. 2006). Defendant does not explain under which rule or theory it asserts that, even assuming a valid forum selection clause, that the Court should analyze to *dismiss* this case. Defendant cites to one case to support its proposition. Doc. 5, p. 3.  The Court notes that the cited case dismissed the plaintiff's complaint under Fed.R.Civ.P. 12(b)(3), concluding that it was an improper venue. *Brose*, supra at *9. However, the Sixth Circuit has unequivocally stated that "a forum selection clause should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue." *Wong*, 589 F.3d at 830.

The proper mechanism for enforcing a forum selection clause is either Fed.R.Civ..P 12(b)(6) or on the doctrine of *forum non conveniens*. *Bracken* supra at 693 citing *Wong*, 589 F.3d at 824, 830. Further, in a diversity suit, "the enforceability of the forum selection clause is governed by federal law." *Wong,* at 828.  Defendant fails to cite to either standard as a basis for dismissal.[1]

Defendant contends that there can be no debate that the forum selection clause at issue is valid based upon applicable federal law.  Doc. 5, p. 4.   However, the issue here is not about the enforceability of a forum selection clause, but whether the parties *agreed*

---

[1] "Defendant fails to submit any evidence or argument on the convenience of the forum, it would be more appropriate to treat the pending motion as one brought pursuant to Rule 12(b)(6)."  *Bracken*. Supra, 954 F. Supp. 2d at 695 (citations omitted).

3

on a forum selection clause. Thus, the law Defendant references relating specifically to enforceability is not applicable here unless the Court concludes the parties agreed to the clause. The parties have presented the Court with what appears to be a "battle of the forms"; each side pointing to various boilerplate clauses that have passed between them since 2006. The Court cannot conclude from the documents and arguments presented to it at this stage of litigation what contractual terms might be binding on the parties. This question of fact is not properly decided under the Rule 12(b)(6) standard. Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is DENIED.

### IV. Conclusion

Defendant's motion to dismiss for lack of personal jurisdiction or in the alternative, motion to enforce forum selection clause is DENIED.

IT IS SO ORDERED.


September 4, 2025                      /s/ *Judge John R. Adams*
Date                                JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT